UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACL TRANSPORTATION SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV0521 JCH |
| ) | |
| UNITED MINE WORKERS OF AMERICA ) | |
| 1974 PENSION PLAN, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Motion by Defendants, United Mine Workers of America 1974 Pension Plan and Trustees of the United Mine Worker of America 1974 Pension Plan, to Dismiss the Complaint or, in the Alternative, to Transfer, filed April 11, 2011 (Doc. No. 16) and Motion by Defendant International Union United Mine Workers of America to Dismiss the Complaint or, in the Alternative, to Transfer the Case to the United States District Court for the District of Columbia, filed April 13, 2011 (Doc. No. 24). These Motions are fully briefed and ready for disposition.

# **DISCUSSION**

On March 10, 2011, a declaratory judgment action was filed against ACL Transportation Services, LLC ("ACL") in the United States District Court for the District of Columbia. See Holland et al. v. ACL Transportation Services, LLC, No. 1:11cv515, Doc. No. 17-1 ("D.C. Action"). In the D.C. Action, the Trustees sued to collect outstanding contributions from ACL and for declaratory and injunctive relief to determine ACL's future contribution obligations. After being served with the summons and complaint, ACL filed this suit, which seeks a declaration that it does not owe the

contributions at issue in the D.C. Action. Defendants argue that the issues raised in this case are the same as the issues presented in the D.C. Action and, because the D.C. Action was filed before this case, the first-filed rule should apply and this case should be transferred to the District Court of the District of Columbia.

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). The rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." Id. at 1005 (quoting U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488-89 (8th Cir. 1990) (internal citation omitted)). The current standard is that "in the absence of compelling circumstances the first-filed rule should apply." Id. at 1005 (internal citation omitted).

In response, Plaintiff asserts that this Court should maintain jurisdiction based upon the balance of convenience exception. (Opposition to Defendants' Motion to Dismiss the Complaint or, in the Alternative, to Transfer ("Opposition"), Doc. No. 32, p. 11). In addition, Plaintiff claims that this Court should not apply the first filed rule because the Pension Plan raced ACL to the courthouse by filing the DC Action before ACL implemented its "best and final offer." (Id.).

The parties agree that D.C. Action and this litigation involve "essentially identical or substantially similar parties and issues." LDM Group, LLC v. Catalina Mktg. Corp., No. 4:08CV01425, 2009 U.S. Dist. LEXIS 53398, at *5 (E.D. Mo. June 24, 2009)(citing Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) (requiring "nearly identical parties and issues" for the first-filed rule to apply); In re Burley, 738 F.2d

981, 988 (9th Cir. 1984) (first-filed rule applies "[w]here identical suits are pending in two courts"); Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971) (considering whether there is a "likelihood of substantial overlap between the two suits")); see D.C. Action, Doc. No. 13, p. 1 (ACL noting that the Union's Complaint is duplicative of this litigation). Accordingly, the only issue before this Court is whether there are "compelling circumstances" that warrant this Court to retain jurisdiction, despite the prior filing of the D.C. Action.

Based upon the first filed doctrine, this Court transfers this action to the District of Columbia to be consolidated with the D.C. Action, pursuant to 28 U.S.C. §1404(a). ACL has provided no compelling reason for this Court to retain this litigation, which was previously filed in the District Court of the District of Columbia. The transfer serves judicial economy by putting the related matter before the same court handling the first-filed D.C. Action.

Accordingly,

**IT IS HEREBY ORDERED** that Motion by Defendants, United Mine Workers of America 1974 Pension Plan and Trustees of the United Mine Worker of America 1974 Pension Plan, to Dismiss the Complaint or, in the Alternative, to Transfer (Doc. No. 16) and Motion by Defendant International Union United Mine Workers of America to Dismiss the Complaint or, in the Alternative, to Transfer the Case to the United States District Court for the District of Columbia (Doc. No. 24) are **GRANTED**, in part. This action is transferred to the United States District Court for the District of Columbia for consolidation with Holland et al. v. ACL Transportation Services, LLC, No. 1:11cv515. A separate order of transfer is filed herewith.

Dated this 28th day of June, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE